BURDETT *v.* HINES, DIRECTOR GENERAL OF RAILROADS, *et al.*

[87 South. 470, No. 21549.]

LIBEL AND SLANDER. *Request by ex-employee held to release employer from liability on account of information furnished.*

In a libel suit by an ex-employee of a railroad company against such company based upon a statement to a prospective employer in response to a letter written by plaintiff to defendant to forward to a prospective employer information about plaintiff's personal character, habits, and ability and as to the cause of his leaving their employment, such information furnished in response to such letter cannot form the basis of a libel suit, where it expressly released defendant from liability for damages on account of furnishing such information.

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Action by George Burdett against Walker D. Hines, Director General of Railroads, and another for libel. Judgment for defendants on a directed verdict, and plaintiff appeals. Affirmed.

*Anderson, Voller & Kelly* and *Chaney & Ramsey,* for appellant.

Appellant is now placed in such position that he can never again work for a railroad company anywhere in the United States, by reason of the false and libelous reports made by the officers of the railroad company to another railroad. He is black-listed, as the railroad men call it, and there is no way for him to work for another railroad again. When he files his application with another railroad it is necessary, as he alleges, for him to give the name of his former employer, the Yazoo and Mississippi Valley Railroad Company.

If this railroad company continues to follow him in the future as it has done in the past, it will be absolutely necessary for him to quit the trade he has spent so many years in learning, and take up some other trade or profession. If the defendant in the court below, wilfully and maliciously made statements of him for the purpose of keeping him from obtaining employment, and has kept him from obtaining employment at his regular trade, has he not suffered injury? If he has suffered such injury would the railroad be liable but for federal control? If the railroad would be liable under the management and control of its owners, under the same circumstances, the act of Congress in question makes them liable during federal control, leaving his right of recovery unimpaired.

We are not going to argue this case further. It is so clear to us that no defense can be made that couldn't be made but for federal control. We are not going to burden the court with an extended argument. We submit to this

honorable court that this appellant has a just and right-
eous cause of action against the Yazoo and Mississippi Val-
ley Railroad Company, and the director general, and we
confidently expect a reversal of the lower court.

*Hirsch, Dent & Landau,* for appellee.

The declaration alleges, that said Yazoo & Mississippi
Valley Railroad Company reported to the said Mobile &
Ohio Railroad that the plaintiff deserted a crew at its
. yards in Vicksburg, which the officers knew to be untrue,
and that the said railroad company by its agents and em-
ployees made the same or similar report to the Southern
Railway in Atlanta, Georgia; that he is now unable to
obtain employment, and has been damaged in the sum of
twenty-five thousand dollars actual and punitive. The on-
ly damages averred is his alleged inability to obtain em-
ployment as a switchman with any railroad in the United
States.  He admits that the only publication made was
to the Mobile & Ohio Railroad Company at Meridian, and
the Southern Railway in Atlanta, and he studiously avoids
any denial of the salient facts that these reports were
made, as shown by the pleas, at his solicitation, and were
copied from the records.

The appellant distinctly, unequivocally and solemnly
agreed, in writing, that no damage suit should be insti-
tuted for any information furnished, and there is no prin-
ciple of right, justice, or reason which would permit him
to prosecute this action, either against the railroad com-
pany or the director general.  He voluntarily solicited
these statements; he gave a pledge that no damage would
result; and he cannot be permitted now to institute suit
when he contracted that no action for damages would be
brought, independently of any question of privilege or
qualified privilege.

Privileged Communications.     Responses to Inquiries
Made by the Plaintiff or Authorized Agent.  "If plaintiff
consented to or authorized the publication complained of,
he cannot recover for any injury sustained by reason of

the publication; and the same rule applies to a publication solicited or induced by inquiry on the part of plaintiff or his agent, at least if it was procured by the fraudulent contrivance of plaintiff, himself, with a view to an action." 25 Encyclopedia of Law and Procedure, pp. 370, 371; Ibed, 392, 393; *Kansas City, M. & M. R. R. Co.* v. *Delaney*, 52 S. W. 151, Supreme Court of Tennessee, April 15, 1899; *Alabama & Vicksburg Ry. Co.* v. *J. S. O. Brooks*, 69 Miss. 168, 169, 25 Cyc. 392.

In the following cases statements made at the request of the one defamed were held privileged. *Billings* v. *Fairbanks*, 136 Miss. 177 (charging larceny, where plaintiff introduced subject of discussion); *Palmer* v. *Hummerston*, Cab. & El. 36 (statements imputing larceny, made in answer to plaintiff's question); *Newskey* v. *Mundt*, 4 Legal Gaz. 230 (statement by manager of park in response to inquiry why admission was refused); *Laughlin* v. *Schnitzer* (Tex. Civ. App.), 106 S. W. 908 (landlord's answer to tenant's question as to why she was requested to move); *Warr* v. *Jolly*, 6 Car. & P. 497 (statement imputing intemperance to minister, made in response to his questions); *Haynes* v. *Leland*, 29 Me. 233 (statements before church committee and plaintiff's attorney, at his request); *Remington* v. *Congdon*, 2 Pick. 310, 13 Am. Dec. 431 (*bona-fide* charges by non-member of church, where plaintiff consented that church might investigate written charges against him); *Patterson* v. *Frazer* (Tex. Civ. App.), 79 S. W. 1077 (where, at plaintiff's solicitation, language was used which, in connection with plaintiff's statements, imputed want of chastity); *Louisville Times Co.* v. *Lancaster*, 142 Ky. 122, 133 S. W. 1155 (publication or retraction of newspaper article, at request of one claiming to have been libeled); *Beller* v. *Jackson*, 64 Mo. 589, 2 Atl. 916 (*bona-fide* statement by station agent, made in reply to plaintiff's inquiry as to cause of discharge); *Mid-*

*dleby* v. *Effler*, 55 C. C. A. 355, 118 Fed. 261 (statement made by husband in response to question to wife); Note. *Christopher* v. *Aken*, 214 Mass. 322, 46 L. R. A. (N. S.) pp. 104, 105; 5 Labatt's Master & Servant (2 Ed.), pp. 6270, 6271, sec. 2022, see notes 17 Ruling Case Law, sec. 61, p. 320.

Sam C. Cook, P. J., delivered the opinion of the court.

We deem it unnecessary to go into the detailed pleading and evidence in this case.

The plaintiff below, appellant here, sued the Director General of Railroads and the Yazoo & Mississippi Valley Railroad Company for an alleged libel.

The plaintiff was an ex-employee of the Yazoo & Mississippi Valley Railroad Company. He was discharged by this company, and sought a position with the Mobile & Ohio Railroad Company. The latter company asked for references from his former employer. Thereupon the plaintiff wrote the Yazoo & Mississippi Valley Railroad Company, asking it to forward—

"a statement, in writing, containing all the information you may have, or can obtain, as to my personal character, habits and ability, also the cause of my leaving the employ of your road, as shown by the record of your company, or as may appear from the verbal or written statement of your officers, agents and employees.

"In consideration of your compliance with this request I hereby release your company from any and all liabilities for damages, of whatsoever nature, on account of furnishing the information above requested, which is to be used in determining my fitness for the position mentioned, and that the position mentioned was 'for employment in the capacity of switchman.'"

The defendant furnished the statement requested by the plaintiff, and the suit is based upon alleged falsity of this statement.

| 125 Miss.] | Syllabus. |
| --- | --- |

The plaintiff therefore got what he asked for, and by the terms made by him he will not be permitted to maintain this suit. The learned trial judge very properly directed a verdict for the defendant.

*Affirmed.*